IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

HAMPTON 110 LLC,                               CASE NO:

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## PETITION FOR REMOVAL

**TO:**  The Honorable Judges of the United States District Court
      for the Middle District of Florida

Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester"), hereby Petitions for Removal of the above-styled action from the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, to this Court. Removal is proper on the following grounds:

Plaintiff, HAMPTON 110 LLC commenced a civil action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, styled *Hampton 110 LLC v. Westchester Surplus Lines Insurance Company*, Case No. 24-CA-001436. (*See* Pl. Compl. attached hereto as Exhibit "A").

The Summons and Complaint in this case were served on this Defendant's registered agent on February 21, 2024. (*See* Not. Service of Process, attached hereto as Exhibit "B").

The Plaintiff's Complaint alleges "[d]uring the policy period of February 26, 2022- February 26, 2023 and/or on or about September 28, 2022 the Property sustained covered property damage caused by Hurricane Ian as well as related damages included additional damages that

would not have occurred but for the loss." Plaintiff's property is located at 3840 Broadway, Fort Myers, Florida 33901 ("Insured Property"). (*See* Pl. Compl. ¶ 7, 5).

Westchester provided certain insurance coverage to the Insured Property under a Commercial Property Policy, Policy No. FSF16121812 002 ("Policy"), for which coverage is subject to the terms, conditions, limitations and exclusions within the Policy. (See Policy Declarations Page, attached hereto as Exhibit "C").

As a result of the loss, Plaintiff alleges Defendant issued a claim decision which failed to acknowledge coverage for the claim and/or failed to extend coverage for repairs necessary to restore the property and these failures constitute a breach of the insurance policy. *(See* Pl. Compl. ¶ 9).

The Complaint, which contains a single count for Breach of Contract, alleges that this action in excess of $50,000.00. (*See* Pl. Compl. ¶ 1). Prior to filing this lawsuit, Plaintiff filed Property Insurance Notice of Intent to Initiate Litigation, Notice, No.: 168116 on January 22, 2024. This notice states the estimate of damages is $542,697.00. (*See* Notice attached hereto as Exhibit "D").

Furthermore, Plaintiff also seeks to recover attorney's fees under Fla. Stat. 627.428. (*See* Pl. Compl. ¶ 13). Notably, the Eleventh Circuit has stated that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indemnity Co.*, 228 F. 3d 1255, 1265 (11th Cir. 2000); *see Lutz v. Protective Life Ins. Co.*, 328 F. Supp. 2d 1350, 1356 (S.D. Fla. 2004)(providing that "[i]t seems likely that a 'reasonable amount' would include more than just those fees induced before removal"). When looking at the totality of the circumstances, including a reasonable amount of

attorney's fees, the amount in controversy well surpasses the threshold making this case removable.

Upon information and belief, and according to the Complaint at paragraph 2, Plaintiff was and is a corporation domiciled in Florida, with the sole manager domiciled in Maryland. *(See Exhibit "E" attached hereto the 2024 annual report.)* A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated *See* 28 U.S.C. § 1391 (b)(2). At all times material to the action, Plaintiff's property insured with Westchester with effective dates of February 26, 2022 through February 26, 2023, where the reported loss occurred, has a principal address located at 3840 Broadway, Fort Myers, FL 33901.

At the time of the filing of the Complaint and Notice of Removal, and at all times material hereto, Westchester Surplus Lines Insurance Company was and is a citizen of Georgia and Pennsylvania because it is a Georgia Corporation with its principal place of business in Pennsylvania. Accordingly, Defendant Westchester is a foreign corporation. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

Removal of this action is proper under 28 U.S.C. § 1332, which allows for District Courts jurisdiction over, "all civil actions where the matter in controversy exceeds the sum or value of $75,000.00" and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332, 1441 and 1446, *et seq.*

Venue is proper in this Court under 28 U.S.C. § 1332.

Given the aforementioned, upon information and belief and in good faith, Defendant asserts that the amount in controversy in this matter exceeds the jurisdictional minimum, exclusive of interest and costs, pursuant to the Plaintiff's Complaint and assertions to support his damage claim.

Westchester Surplus Lines Insurance Company has filed its Petition for Removal within 30 days of receiving service of the Complaint on February 21, 2024. Thus, Westchester Surplus Lines Insurance Company has timely filed the instant Petition for Removal. See 28 U.S.C. § 1446(b); *Mikesell v. FIA, N.A.*, 936 F. Supp. 2d 1327, 1331 (M.D. Fla. 2013) (notice of removal timely under 28 U.S.C. § 1446(b) when filed within 30 days after receipt of other paper under the statute).

Following the filing of this Petition with this Court, written notice of filing of same will be provided to the attorney for Plaintiff, as required by law.

Following the filing of this Petition with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Twentieth Judicial Circuit Court of Lee County, Florida, as required by law.

Pursuant to 28 U.S.C § 1446(a), Defendant will file a true and legible copy of important process, pleadings, and orders on file in the state court with this Petition for Removal.

WHEREFORE, Westchester Surplus Lines Insurance Company respectfully requests that the above-styled action be removed to the United States District Court for the Middle District of Florida.

Dated: March 12, 2024

Respectfully submitted,

**KELLEY KRONENBERG**

/s/ *Erica A. Showell*
**Erica A. Showell, Esq.**
Fla. Bar No.: 1002621
eshowell@kelleykronenberg.com
10360 West State Road 84
Fort Lauderdale, FL  33324
Telephone: (954) 370-9970
Facsimile: (954) 382-1988
Attorneys for Defendant
Address for service of pleadings only:
eshowell@kelleykronenberg.com
mstrauss@kelleykronenberg.com
dkasimier@kelleykronenberg.com

**CERTIFICATE OF SERVICE**

**KELLEY KRONENBERG**

/s/ *Erica A. Showell*
**Erica A. Showell, Esq.**
Fla. Bar No.:  1002621
eshowell@kelleykronenberg.com
10360 West State Road 84
Fort Lauderdale, FL  33324
Telephone: (954) 370-9970
Facsimile: (954) 382-1988
Attorneys for Defendant
Address for service of pleadings only:
eshowell@kelleykronenberg.com
mstrauss@kelleykronenberg.com
dkasimier@kelleykronenberg.com