UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAMPTON 110 LLC,

    Plaintiff,

v.                              Case No.:   2:24-cv-264-SPC-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant's supplement to its notice of removal. (Doc. 17). The Court ordered Defendant to supplement to properly establish Plaintiff's citizenship and the amount in controversy. (Doc. 15). Because Defendant fails to establish Plaintiff's citizenship the Court remands.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant invokes diversity jurisdiction for removal. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). But Defendant cannot figure out Plaintiff's citizenship. First, Defendant described Plaintiff as a "corporation domiciled in Florida, with the sole manager domiciled in Maryland." (Doc. 1 at 3). This was puzzling because Plaintiff is a limited liability company, not a corporation (and Defendant misstated the standard to boot). So the Court ordered Defendant to supplement its notice of removal with respect to Plaintiff's citizenship. (Doc. 15). Now, Defendant acknowledges that Plaintiff is an LLC. But Defendant still fails to establish Plaintiff's citizenship.

An LLC—like Plaintiff—"is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To show the citizenship of Plaintiff's members, Defendant provides a copy of Plaintiff's Articles of Organization and an Amendment thereto. (Doc. 17-1). Defendant claims those documents list Plaintiff's members as Samuel J. Hagan IV, Robert G. Epstein, Karen Epstein (removed in 2021), and Gosia J. Bochenek. And Defendant claims that addresses on those documents establish the citizenship of each member (and therefor Plaintiff's citizenship).

But the addresses listed on the Articles of Organization and Amendment do not establish the members' citizenship. They show, at best, each members' residence.[1] A person is a citizen where he is domiciled, not necessarily where he resides. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Residence—without more—does not show domicile. *See, e.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *McCormick*, 293 F.3d at 1257-58 (defining citizenship as a person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]"). Defendant offers nothing about where Plaintiff's members intend to remain indefinitely. So Defendant fails to meet its burden to establish Plaintiff's citizenship. *See BGX E-Health LLC v. Masters*, No. 6:21-CV-1022-WWB-LHP, 2022 WL 9964905, at *4 (M.D. Fla. Oct. 17, 2022) (holding that citizenship is not established by articles of organization listing LLC members' addresses).

The Court gave Defendant a chance to properly establish Plaintiff's citizenship. Defendant still falls short. So the Court must remand for want of jurisdiction.

Accordingly, it is now

---

[1] The Court is unsure whether Defendant correctly identifies Plaintiff's members. The Articles of Organization and Amendment list Gosia Bochenek as an "authorized representative" of a member, Samuel Hagan as a "registered agent," and Robert Epstein as a "MGR." (Doc. 17-1 at 5-7).

3

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.

3. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 10, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4